## THE STATE v. J. W. PRATT.

9   157
48   798
48  1009

Motion to dismiss an appeal on the ground that there was no judgment or sentence. *Held :* The appellate jurisdiction in criminal matters, under Article 62 of the Constitution, only extends to cases where the punishment has already been pronounced by sentence or judgment of a court ; otherwise there is no foundation for an appeal.

APPEAL from the District Court of the Parish of East Baton Rouge, *Robertson*, J. *I. E. Morse*, (Attorney General,) for the State. *J. M. & J. E. Elam*, for the accused and appellant.

21

VOORHIES, J. The defendant was indicted for shooting, with the intent to commit the crime of murder, for which he was arraigned and pleaded not guilty.

The District Judge, among other things, charged the jury, that if they believed the defendant had, with a dangerous weapon, or with intent to kill, inflicted a wound less than mayhem, they were bound to find a verdict accordingly.

The jury returned the following verdict: "We, the jury, find the accused guilty of an assault on the person of *Barnett Williams*, with a dangerous weapon, and inflicting a wound less than mayhem, and we further recommend him to the mercy of the court."

The defendant then moved the court to be discharged, and his bond canceled, on several grounds, among others, that as he was indicted for shooting with the intent to commit the crime of murder, and the verdict only found the offence of an assault with a dangerous weapon and inflicting a wound less than mayhem, it resulted as a consequence that he was legally acquitted and entitled to be discharged; that the special verdict thus found was not responsive to any count in the indictment on which he was arraigned and tried; that the defect in the statement or verdict of the jury, not finding any complete offence punishable by statute, could not be supplied by intendment or implication. This motion being overruled for reasons assigned by the District Judge, he took a bill of exceptions, and thereupon appealed before judgment, or sentence was pronounced upon the verdict.

The Attorney General has moved this court for the dismissal of the appeal, on the ground that there is no judgment or sentence, from which alone the right of appeal lies under the Constitution.

Under the former Constitution, the same provision existed in relation to the right of appeal in criminal cases, as that which exists in the present Constitution. We do not think that the present case can be distinguished in principle from that of the *State* v. *Thomas May*, lately decided by us, in which we held, that our appellate jurisdiction in criminal matters, under Art. 62 of our Constitution, only extended to cases where the punishment had already been pronounced by sentence or judgment of a court: otherwise, there was no foundation for an appeal. 8 R. 590.

It is therefore ordered, that the appeal be dismissed, with costs.